UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                                      (973) 645-4693
BANKRUPTCY JUDGE                                                    Fax: (973) 645-2606

November 17, 2010

**MEMORANDUM**

Re:   **Martha Rincan, Debtor**
      **Case No. 10-13561 (DHS)**

      In this chapter 7 case, the trustee sought to disallow an exemption the Debtor claimed pursuant to § 522(d)(11)(D) of the Bankruptcy Code, where the Debtor received the funds claimed as exempt prepetition from settlement of a personal injury suit and disbursed the funds to creditors prior to filing her petition. Prior to the attached August 2, 2010 Letter Opinion being placed on the docket, the case was converted to chapter 13 and the issue considered moot.

**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH
BANKRUPTCY JUDGE

(973) 645-4693
Fax: (973) 645-2606

**NOT FOR PUBLICATION**

FILED
JAMES J. WALDRON, CLERK

**NOV. 17, 2010**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ Ronnie Plasner, DEPUTY

August 2, 2010

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Forman, Holt, Eliades & Ravin LLC
Kim R. Lynch, Esq.
80 Route 4 East, Suite 290
Paramus, New Jersey 07652
*Counsel for Trustee*

Dell'Italia, Affinito & Santola
John P. Dell'Italia, Esq.
18 Tony Galento Plaza
Orange, New Jersey 07050
*Counsel for Debtor*

Re:   **Martha Rincan, Debtor**
      **Case No. 10-13561 (DHS)**

Dear Counsel:

      Before the Court is the motion of the chapter 7 trustee, Charles M. Forman ("Trustee"), to disallow an exemption of the Debtor, Martha Rincan ("Debtor"), claimed pursuant to § 522(d)(11)(D) of the Bankruptcy Code. The Debtor received the funds claimed as exempt prepetition from settlement of a personal injury suit and disbursed the funds to creditors prior to filing her petition. The Trustee argues that (1) the claimed exemption under § 522(d)(11)(D) is not applicable in this case, (2) the transfers are avoidable as preferential transfers under § 547(b), and (3) the transfers were voluntary and thus cannot be exempted under § 522(g). The Debtor opposes this motion, asserting that the funds were received prior to the ninety-day, prepetition, avoidance period under § 547(b)(4)(A) and that no preferential transfers were made. Lastly, she argues that the receipt and transfer of the funds were not intentionally hidden from the Court, thus entitling her to the § 522(d)(11)(D) exemption.

Page 2
August 2, 2010

## FACTS

On September 17, 2009, the Debtor signed a release of a pending personal injury claim, for which she received $28,489.66 in October 2009. Thereafter, the Debtor paid $25,900 of the funds to creditors as follows: $9,000 to Erion and Mercedes Babe, $11,000 to Roasa and Victor Pinho, and $5,900 to Enemencia Rincan ("Payments").

The Debtor filed a chapter 7 petition on February 8, 2010 ("Petition Date"). Initially, she did not list the Payments on her schedules. On March 8, 2010, she testified at the § 341 hearing about her receipt of the funds and the Payments to creditors within the ninety-day pre-petition preference period. On April 9, 2010, the Debtor filed amended schedules B and C to reflect the funds as an asset and claimed an exemption for $20,200 of the funds under § 522(d)(11)(D).

## DISCUSSION

**I.    Exemptions**

The Bankruptcy Code authorizes debtors to exempt certain property from the bankruptcy estate. 11 U.S.C. § 522. A debtor may exempt the right to receive property or the receipt of property that is traceable to,

> [a] payment, not to exceed $20,200, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary cost, of the debtor or of an individual of whom the debtor is a dependent.

11 U.S.C. § 522(d)(11)(D).

In the present case, the Debtor claims $20,200 of the $28,489.66 received in settlement of her personal injury suit. While such funds are well within the scope of § 522(d)(11)(D), the Code does not extend an absolute right to the exemption. A basic tenet of bankruptcy law holds that "property does not become part of the [bankruptcy] estate if the debtor does not have an ownership interest . . . *at the time the case is commenced*, and . . . exemptions may only be claimed in property of the estate." *In re Joel H. Cohen and Maxine Cohen*, 263 B.R. 724, 727 (Bankr. D.N.J. 2001) (emphasis added). The bankruptcy estate includes, with some exceptions, "[a]ll legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Code "permits [the debtor] to *withdraw from the estate* certain interests in property. . . ." *Rousey v. Jacoway*, 544 U.S. 320, 325 (2005) (emphasis added). Courts generally agree that without an ownership interest a debtor may not claim an exemption under the Code. *See Hopkins v. McDonnell*, No. 06-683, 2006 U.S. Dist. Lexis 54232 (D.N.J.

Page 3
August 2, 2010

August 4, 2006). *See also e.g., In re Hartman*, 211 B.R. 899, 903 (Bankr. C.D. Ill. 1997) ("[T]he debtor must have an ownership interest in the property before an exemption may be claimed."); *In re Montanez*, 233 B.R. 791, 795 (Bankr. D. Mass. 1980) ("[I]t is improper for a debtor to exempt the property while at the same time denying and rejecting any interest in that property.") (citing *First Bank of Linden v. Sloma (In re Sloma)*, 43 F.3d 637, 640 (11th Cir. 1995) (Debtor cannot exempt property that the debtor does not own)).

Here, the Debtor alienated her ownership interest by distributing the settlement funds prior to commencement of her chapter 7 bankruptcy. The Code does not allow "property owned by a debtor but disposed of . . . prior to the commencement of a case [to be] considered . . . property of the bankruptcy estate." *In re Turner*, 190 B.R. 836, 840 (Bankr. S.D. Ohio 1996). The settlement funds "never became part of the estate's pool of assets from which the debtors are entitled to claim their exemptions." *Id.* citing *In re Ziegler*, 156 B.R. 151, 154 (Bankr. W.D. Pa. 1993). Thus, the Debtor may not claim the disbursed funds as exempt pursuant to § 522(d)(11)(D).

Under limited circumstances, property that was transferred prepetition may be claimed as exempt. Section 522(g), provides in relevant part,

> [t]he debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
>
> (B) the debtor did not conceal such property.

11 U.S.C. § 522(g).

Under § 522(g), prepetition transfers by a debtor must have been both involuntary and unconcealed. Here, there is no dispute that the Debtor made no attempt to cloak the transfers from the view of the Court. Consequently, the Debtor's ability to exempt settlement funds pursuant to § 522(g) depends on whether the transfers were voluntary.

Typically, a transfer is involuntary "when the property is transferred by operation of law, such as by means of an execution of judgment, repossession, or garnishment." *Davis v. Sunderov*, 169 B.R. at 295 (Bankr. E.D.N.Y. 1994). Often, the determining factor is the degree of personal control exercised by a debtor in transferring the recovered assets. *See In re Huebner*, 18 B.R. 193, 195 (Bankr. W.D. Wisc. 1981). *See also In re Trevino*, 96 B.R. 608, 613 (Bankr.

Page 4
August 2, 2010

E.D.N.C. 1989). Still, a transfer within a debtor's control may be involuntary if procured by "fraud, material misrepresentation or coercion." *Davis*, 169 B.R. at 296.

In the matter before the Court, the Debtor has not alleged any facts indicating a lack of personal control over the transferred funds. Further, she has not shown fraud, coercion, or misrepresentation that would excuse a transfer made within her personal control. A debtor who makes a voluntary, prepetition distribution to creditors is not eligible to exempt the distributed funds under § 522(g).

All other exceptions provided under § 522 are clearly inapplicable here. In sum, she may not exempt the funds under either § 522(d)(11)(D) or § 522(g).

## II.     Preference Payments

The Trustee further argues in support of his opposition to the Debtor's claimed exemption that the Payments are preferential transfers under § 547(b). The Trustee is empowered under § 547 to avoid certain prepetition transfers. The central purpose of this section is to protect both debtors and creditors as the debtor slides into bankruptcy. *See In re Jolly "N" Inc.*, 122 B.R. 897, 905 (quoting H.R. Rep. No. 95-595, 95th Cong., 1st. Sess., 373-374 (1977), reprinted in U.S. Code Cong. and Admin. News 1978, pp. 5787, 6329, 6330). Avoidance powers are intended to further the goals of chapter 7, which are "(1) to establish a fresh start for the debtor; and (2) to ensure the equitable distribution of net sale proceeds . . . to the creditors." *Flint Ink Corp., et al. v. Calascibetta*, No. 06-2517, 2007 U.S. Dist. Lexis 66615, at *12 (D.N.J. September 10, 2007). A trustee, under § 547(b), may avoid any transfer of an interest of the debtor in property,

>   (1)  to or for the benefit of a creditor;
>
>   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
>   (3)  made while the debtor was insolvent;
>
>   (4)  made –
>   (A)  on or within 90 days before the date of the filing of the petition; or
>   (B)  between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
>   (5) that enables such creditor to receive more than such creditor would receive if –

Page 5
August 2, 2010

>   (A)  the case were a case under chapter 7 of this title;
>   (B)  the transfer had not been made; and
>   (C)  such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

The threshold question is whether an interest in property was transferred. *In re White*, 258 B.R. 129, 132 (Bankr. D.N.J. 2001). If answered affirmatively, a trustee must then satisfy the remaining elements to avoid the transfer. "The elements of section 547(b) are conjunctive, and each must be present to avoid a transfer." *Id*. Still, "[o]nce the trustee meets this burden, the defendant [may] establish one of the exceptions contained in [11 U.S.C. § 547(c)] to prove the nonavoidability of a transfer." *El Paso v. Scurlock*, 171 F.3d 249, 253 (5th Cir. 1999).

Having determined that the Debtor is not entitled to the claimed exemption on other grounds, it is unnecessary for the Court to address this facet of the Trustee's objection. Before estate property can be recovered under § 547(b), a trustee must initiate an adversary proceeding pursuant to Bankruptcy Rule 7001(1). *Dobin v. Presidential Fin. Corp.*, 304 B.R. 681, 685 (Bankr. D.N.J. 2004) *aff'd*, No. 04-1345, 2004 U.S. Dist. 12908 (D.N.J. June 24, 2004). Thus, the applicability of § 547(b) and (c) would be procedurally improper to address in this motion.

### III.    Policy

The Bankruptcy Code allows a debtor to withhold certain assets from creditors to provide for the basic necessities of life. *In re Funches*, 263 B.R. 471, 491 (Bankr. E.D. Pa. 2008). Funds from a personal injury settlement are generally exempt from the bankruptcy estate to further this objective. *See* 11 U.S.C. § 522(d)(11)(D). However, in the instant matter, the Debtor will not be given the benefit of this statutory privilege. The funds were transferred to creditors and are no longer available to serve the Debtor's basic needs. Permitting her to claim a § 522(d)(11)(D) exemption would subvert the primary objective of chapter 7 bankruptcy without advancing the policy underlying the exemption.

Chapter 7 bankruptcy seeks to provide an honest debtor with a fresh start and guarantee the equitable distribution of sale proceeds to creditors. *See In re Kiwi Int'l Air Lines Inc.*, 344 F.3d 311 (3d Cir. 2003). *See also In re Fonda*, 108 B.R. 962, 965-966 (Bankr. D.N.J. 1989). The desired fresh start may be achieved upon liquidation and fair distribution of the bankruptcy estate. Prepetition transfers that give preference to particular creditors frustrate those goals. The transfers at issue here are recoverable under § 547(b) to ensure equality of distribution among creditors. 5 Collier on Bankruptcy, Par. 547.01 (Lexis 2010).

Still, the irony of the situation is not lost on the Court. Had the Debtor simply held the funds until after the Petition Date, she would have been entitled to the § 522(d)(11)(D)

Page 6
August 2, 2010

exemption. Though she acted innocently, by voluntarily transferring the funds to creditors prior to filing, she forfeited the exemption and undermined chapter 7's core objectives. Consequently, the Debtor has surrendered her entitlement to claim the funds as exempt under § 522.

## CONCLUSION

For the reasons stated herein, the Trustee's motion to disallow the claimed exemption under § 522(d)(11)(D) is granted. In addition, the funds may not be exempted under § 522(g) of the Code. Finally, the Trustee must bring an adversary proceeding under Bankruptcy Rule 7001(1) before attempting to recover the Payments for inclusion in the estate.

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

Very truly yours,

s/    *Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure